NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IMPLE SHAH, | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| DR. SHEETAL VORA, CHILDREN'S HOSPITAL OF WISCONSIN, WISCONSIN MEDICAL COLLEGE | : | Civil Action No. 09-1294 (DMC) |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion of Dr. Sheetal Vora and Children's Hospital of Wisconsin (collectively, "Defendants"). Defendants move to dismiss the complaint of *pro se* Plaintiff Imple Shah ("Plaintiff")[1] for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process and failure to state a claim upon which relief may be granted. No oral argument was heard pursuant to FED. R. CIV. P. 78. For the reasons set forth below, Defendants' motion is **granted**.

### BACKGROUND

Plaintiff, currently a New Jersey resident, asserts a number of claims against two defendants located in Wisconsin. <u>See</u> Plaintiff's Complaint ("Complaint") at 1. Plaintiff's one-page complaint

---

[1] The Complaint lists Imple Shah as Plaintiff, although Plaintiff's case caption reads "Imple Shah & Family." Elsewhere in the Complaint, Plaintiff refers to "Plaintiff(s)." The Court will refer to Plaintiff in the singular for clarity.

contains the following factual averments:

> Defendant lied under oath and caused lots of emotional and reputational injuries, pain, suffering and defamation, by making those statements in her restraining order complaint and hearing of those complaint defendant also opened my son's private confidential medical records and history and made it public during court hearings in 2007. Defendant also violated privacy.

Id. The "Demand" portion of Plaintiff's complaint reads:

> Plaintiff demands monetary award for emotional pain and suffering and reputational injuries for all family members under Federal laws, Privacy acts, Laws of NJ State, WI State, and Federal laws and acts, libel, slander and defamation laws of NJ State (New Jersey), Wisconsin State and Federal laws, Tort laws of state of New Jersey, Wisconsin and U.S. Federal HIPAA Law. (2) Discipline defendant by state and federal licensing board. (3) Bar defendant from contacting any of family member in future and forever.

Id. at 2. The two portions quoted above constitute almost the entirety of Plaintiff's Complaint.

Plaintiff appears to believe that this Court has diversity jurisdiction over this case. She asserts that "[a]ll Plaintiff(s) lives in Bergen County, NJ, U.S.A. Diversity is a basis of jurisdiction. Plaintiff are citizen of NJ State." Id. The Complaint makes no reference to federal question jurisdiction.[2]

---

[2] As an initial matter, based on the minimal pleadings, it is not clear whether diversity or federal question jurisdiction can be established in this case. First, Plaintiff has not plead diversity jurisdiction, as she has not stated a particular amount in controversy. See Schlesinger v. Councilman, 420 U.S. 738, 745 n. 9 (1975). Second, Plaintiff does not assert federal question jurisdiction, although she recites a list of claims in the "Demand" paragraph of her complaint, some of which appear to be federal claims. See Complaint at 2 ("[I]njuries . . . under federal laws, Privacy acts," "U.S. federal HIPAA law," "discipline defendant by state and federal licensing board, etc."). Even affording Plaintiff leniency in drafting her complaint, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), Plaintiff's mere listing of claims, some of which may be federal in nature, does not set forth a cause of action arising under federal law. See Scanlin v. Soldiers & Sailors Mem'l Hosp., 2007 U.S. Dist. LEXIS 3238, at *10-11 (M.D. Pa. Jan. 17, 2007) (finding that where, "[i]n conclusory fashion, plaintiff states that the defendants' actions violated his civil rights, medicare rights, veteran rights and patient's rights . . . the U.S. Constitution . . . [and] his social security and veteran's rights" the plaintiff "fail[ed] to plead facts sufficient to establish subject matter jurisdiction "). For the reasons stated, it appears that Plaintiff has failed to properly plead subject matter jurisdiction. In any case, this matter will be dismissed for lack of personal jurisdiction.

**DISCUSSION**

Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2). Defendants' motion is granted.

Plaintiff must establish that personal jurisdiction is proper. Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992) ("[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."). In this instance, the New Jersey long-arm statute applies, which specifically extends New Jersey's jurisdiction to the fullest limits permitted by the U.S. Constitution, subject to due process of law. Osteotech, Inc. v. Gensci Regeneration SCI, Inc., 6 F.Supp. 2d 349, 352 (D.N.J. 1998). To determine whether personal jurisdiction exists under the due process clause, the appropriate inquiry is whether defendants have sufficient minimum contact with New Jersey such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contact requires "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235 (1958).

In the present case, neither defendant has any contact with the State of New Jersey. The defendants do not reside, do business, own property, solicit business, or undertake any other activities in or in relationship to New Jersey. See Defendants' Brief in Support of Motion to Dismiss ("Def. Br."), at 6. Moreover, none of the events underlying the allegations in the Complaint occurred in the State of New Jersey. Id. Plaintiff does not contend otherwise. In short, the only connection between this case and New Jersey is that Plaintiff moved to the State at some point after the allegedly

unlawful conduct of Defendants occurred.  This is an insufficient basis to subject Defendants to this Court's jurisdiction.  See Nance v. E. Baton Rouge Parish Prison, 2006 U.S. Dist. LEXIS 96407, at *23 (D.N.J. Mar. 30, 2006) (finding no personal jurisdiction because defendants "did not conduct business in New Jersey, they did not travel to New Jersey, the harm that the plaintiff alleges did not occur in New Jersey, and they would not have been able to reasonably anticipate that they would be subject to suit in New Jersey based upon their actions" occurring in another state); Chusid v. Cutler, 2007 U.S. Dist. LEXIS 34265, at *4, 10 (D.N.J., May 10, 2007); Gore v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 18184, at *4 (N.D. Tex. Sept. 8, 2004) ("In the instant case, Gore, proceeding pro se, fails to allege any specific conduct by Defendants . . . which might bring them within the personal jurisdiction of the Court.").

This Court finds that the assertion of personal jurisdiction over Defendants is not proper.[3]

## CONCLUSION

Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction is hereby **granted**.

S/ Dennnis M. Cavanaugh<br>Dennis M. Cavanaugh, U.S.D.J.

Date:      March   23  , 2010
Original:  Clerk's Office
cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File

---

[3] Although the Court need not consider Defendants' arguments as to several additional grounds for dismissal, the Court merely notes that venue would likely be improper as well, for the same reasons as discussed above with respect to personal jurisdiction.